MR. JUSTICE HARRISON,
dissenting.
I dissent. Facts, like figures, can be either distorted or described in a certain way to achieve a specific outcome. The District Court spent considerable time in this case observing all parties involved and I feel the District Court arrived at the correct decision in granting summary judgment to the defendants.
Viewing the facts as the District Court did and as I see them from the record, appellant’s husband, Lawrence Bestwina, former vice president of the Village Bank in Great Falls, did not file his action for wrongful discharge until eight years after he was separated from his employment on November 6, 1977. During that eight year period, he personally, pursued a number of legal remedies directly connected with and based upon his alleged unlawful discharge. Three years after his discharge, on May 30, 1980, he personally retained counsel, C.L. Overfelt, to pursue a Workers’ Compensation claim against the defendant Village Bank. He personally executed a retainer fee and agreement on that date and signed a claim for compensation on June 10,1980. That Workers’ Compensation claim was brought by Lawrence Bestwina, in his individual capacity, without the necessity of appointing a guardian ad litem or a conservator. It is emphasized that this Workers’ Compensation litigation focused on the same discharge from employment as this action. That claim based upon his discharge, was initially denied, and a petition for *335 hearing was filed before the Workers’ Compensation Court in August, 1983. That petition for a hearing and the litigation involved before the Workers’ Compensation Court, was brought solely in the name of Lawrence Bestwina in his individual capacity, again without the need of a guardian or a conservator. Through a pretrial deposition he testified at that court proceeding, and was listed as a trial witness. At that time no contention of incompetency was made during the proceedings.
While that Workers’ Compensation Court action was subsequently resolved through a full and final settlement prior to trial, it was Lawrence Bestwina who signed the petition for a full and final compromise settlement in his individual capacity, which settlement was approved by the court.
Of the eight year period which Lawrence Bestwina now claims should be tolled, he obviously was competent for four of those years.
Additionally, during the time in question, specifically on July 20, 1979, Lawrence Bestwina personally applied for social security disability benefits by executing a document with the Social Security Administration. While that first application for benefits was denied, he requested a reconsideration which also was denied. Following that he requested a hearing with the Social Security Administration. That hearing was held October 29,1979. During the hearing he testified under oath and as a result, disability benefits were granted in March, 1980.
The entire record reflects, and it is as obvious to me as it was to the District Court Judge who heard the matter, that Lawrence Bestwina’s actions in obtaining various benefits, indicates he fully understood his legal rights and how to exercise them. In my opinion there was not one instance during the time he used the legal system that he showed the necessity of having a guardian or conservator appointed for him. I feel the record shows uncontroverted facts which illustrate Bestwina failed to prove a continuous and uninterrupted mental disability.
I would affirm the District Court’s holding in finding that Bestwina failed as a matter of law to establish any entitlement to any exception to the three year statute of limitations.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON join in the dissent of MR. JUSTICE HARRISON.